**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **STATE OF GEORGIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:15-CV-342 (MTT)** |
| | ) | |
| **BETHYAH MINISTRIES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On September 11, 2015, the Court ordered the Defendants to show cause why

the Court should not dismiss their case due to their failure to pay the filing fee.  (Doc. 3).

On September 21, 2015, Defendant Jeffrey Allen Pennington responded "on behalf of"

himself and Defendant BethYah Ministries, "being one of it's [sic] duly appointed Officer

with standing[.]"  (Docs. 4 at 1, 3; 5).  Defendant Pennington requested that the

Defendants be permitted to proceed *in forma pauperis* "as one it is a Constitutional right

and two we have no money and there is no lawful money in which to pay."  (Doc. 4 at

3).  On October 2, 2015, the Court informed the Defendants that Defendant BethYah

Ministries cannot proceed *pro se* but has to be represented by counsel and, even then,

has to pay the filing fee.  (Doc. 7).  The Court instructed Defendant BethYah that if it

"desires to remove a civil action from a State court, it must obtain counsel and pay the

filing fee no later than October 15, 2015."  (Doc. 7 at 2).  The Court also ordered

Defendant Pennington to file an affidavit providing the information required by 28 U.S.C.

§ 1915(a)(1) and to amend the notice of removal to state the basis of the Court's subject

matter jurisdiction and the precise proceeding he is attempting to remove.  (Doc. 7 at 3).

In response, the Defendants have submitted four filings.  First, Defendant Pennington has filed an affidavit providing the information required by Section 1915. (Doc. 8).  Second, Defendant BethYah Ministries, despite not retaining counsel and not paying the filing fee, has filed an affidavit in which it declares it does not have any assets, it "should not have to pay to defend ourselves," and "[w]e have nothing and we own nothing as all belongs to the creator of all."  (Doc. 9).  Third, the Defendants have filed an affidavit in which they declare: "1. This Court has jurisdiction via Diversity of Citizenship; 2. Also we intend on Bring a Federal question; 3. As well as various Federal Debt Collection Practice act Violations.  Once we complete the Claim in the next few days."  (Doc. 10).  Finally, the Defendants have filed a "Notice of Void Order" in which they request that this Court vacate its October 2, 2015 Order.  (Doc. 11).  Among other things, the Defendants disagree with this Court's determination that Defendant BethYah Ministries cannot proceed *pro se* and without paying the filing fee.

Because it is clear that Defendant BethYah Ministries refuses to obtain counsel and pay the filing fee, Defendant BethYah is **DISMISSED without prejudice**.  The Court is satisfied that Defendant Pennington is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed *in forma pauperis* is **GRANTED**. Because Defendant Pennington is proceeding *in forma pauperis*, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(b).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, "the statute accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  In one notice of removal, the Defendants claim their removal is "from" the Twiggs County Tax Commissioner.  (Doc. 1).  In another notice of removal, the Defendants claim their removal is "from" the Bibb County Tax Commissioner and attach tax fi. fas. from Bibb County and the City of Macon against Defendant BethYah Ministries.  (Doc. 4-15 at 1, 4-8).  In its October 2, 2015 Order, the Court provided Defendant Pennington with an opportunity to amend his notice of removal to state "the precise proceeding he is attempting to remove."  (Doc. 7 at 3).  He failed to do so, and Defendant Pennington still has not identified the "action brought in a State court" he is attempting to remove.  Accordingly, this case must be dismissed as frivolous because there is no meritorious argument or arguable legal basis for why the Court can entertain this removal petition.

Defendant Pennington's removal petition is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(i).

**SO ORDERED**, this the 13th day of November, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT